

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_(signature)_

**Signed July 18, 2006**                           **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JERRY NEIL HOGAN and | § | CASE NO. 04-82031-SGJ-13 |
| CYNTHIA ANN HOGAN, | § | |
| | § | |
| D E B T O R S. | § | |

_____

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GLORIA JEAN JOHNSON, | § | CASE NO. 05-36433-SGJ-13 |
| | § | |
| D E B T O R. | § | |


### MEMORANDUM OF OPINION

#### Introduction

Before the court for consideration are two motions filed in

two unrelated Chapter 13 cases that involve virtually identical

facts and legal questions that have been argued together to the

court: (a) a Motion to Compel Payments to Secured Creditor filed
by Ford Motor Company ("FMC") in the case of *In re Jerry and
Cynthia Hogan*, Case No. 04-82031-SGJ-13; and (b) a Motion for
Leave to File and Allow Late-Filed Proof of Claim filed by
Creditor Deutsche Bank Trust Company Americas, as Trustee,
formerly known as Bankers Trust Company, as Trustee ("DBT") in
the case of *In re Gloria Jean Johnson*, Case No. 05-36433-SGJ-13.
The relevant facts are: (a) these are Chapter 13 cases; (b) in
which certain secured creditors (one with a security interest in
a debtor's car and one with a security interest in a debtor's
homestead) did not file proofs of claim in the cases by the
court-noticed bar date for the filing of proofs of claim; and (c)
the secured creditors, post-confirmation, now argue that they
should be allowed late-filed proofs of claim, with regard to
which they should be entitled to treatment/payments under the
Chapter 13 plans (necessarily requiring post-confirmation
modification of the Chapter 13 plans). The secured creditors
argue primarily that Bankruptcy Rule 3002(a) governs their
situations. It provides specifically that "[a]n *unsecured*
creditor or an equity security holder *must* file a proof of claim
or interest for the claim or interest to be allowed" (emphasis
added) except as provided in certain other Rules that are not

2

relevant. By implication, the secured creditors argue, a *secured* creditor need not file a proof of claim in Chapter 7, 12, or 13, and ought to be able to come in at any time during a Chapter 13 case and file a proof of claim which should be paid under a plan, unless objected to for reasons other than untimeliness. The Chapter 13 trustee has objected to the secured creditors' motions. The Chapter 13 trustee argues that 11 U.S.C. § 502(b)(9) is the more relevant authority and that it dictates only timely filed proofs of claim are entitled to receive treatment under Chapter 13 plans (with certain exceptions not relevant here)—meaning secured creditors must timely file proofs of claim in Chapter 13 if they want to receive treatment under the plan.

The court held a hearing on June 16, 2006, and upon the evidence and arguments presented, the court makes the following findings of fact and conclusions of law.

### Jurisdiction

The court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (B), and (O). This memorandum opinion encompasses the court's findings of facts and conclusions of law pursuant to Federal Rules of Bankruptcy

3

Procedure 7052 and 9014. Where appropriate, a finding of fact shall be construed as a conclusion of law and vice versa.

## Issue

Under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, must a secured creditor timely file a proof of claim in order to be entitled to receive treatment under a debtor's Chapter 13 plan?

## Facts

### *A.  Hogan Case.*

Jerry and Cynthia Hogan (the "Debtors") filed for bankruptcy protection on November 3, 2004. FMC was listed as a creditor on Debtors' Schedule D secured by a 1997 Ford Explorer (with an $18,672.00 claim, of which $6,150 was secured and $12,522 was an unsecured deficiency). On December 6, 2004, Debtors' Section 341 Meeting of Creditors was held and concluded. The bar date for filing proofs of claim was March 7, 2005. The court confirmed the Debtors' Chapter 13 plan on November 28, 2005 and also entered an Order on Debtors' Objection to Claims contained in the plan on the same date, disallowing each of the claims to which the Debtors objected in their plan (including FMC's).[1]

---

[1]In such plan, FMC's claim was listed in a section entitled "Debtors' Objections to Claims," with the reason for the objection stated as "No Proof of Claim Filed."

4

On January 30, 2006, FMC filed a proof of claim. FMC does not deny that it received notice of the Debtors' bankruptcy filing, the claims bar date, the plan and orders confirming the plan and sustaining the claim objections in the plan. To date, FMC has received no disbursements since the filing of its claim.

FMC filed its Motion to Compel Payments to Secured Creditor ("FMC's motion") on May 18, 2006. FMC maintains that there is no statutory or rule-imposed deadline for the filing of a claim by a secured creditor. FMC further argues that once a claim is filed, unless and until there is an objection, the trustee should make payments to FMC as a secured claimant.

On June 2, 2006, the court mistakenly signed a prematurely uploaded order granting FMC's motion. The objection period did not expire until June 7, 2006. The Chapter 13 trustee filed a response to FMC's motion on June 6, 2006, complaining of the motion's and claim's untimeliness and otherwise questioning whether FMC's proof of claim should be allowed in light of a prior order entered in the case disallowing any claim for FMC in light of FMC's failure to file a proof of claim.[2] In such

---

[2] The court will construe the trustee's response to essentially be an objection to FMC's late-filed proof of claim, since the trustee's prayer for relief asks the court to determine whether the claim of FMC is allowable.

5

motion, the trustee requested a hearing on the matter.  The court
has since held such hearing on June 16, 2005 and vacated, on June
21, 2006, the prior June 2, 2006 order granting the relief
requested.

## *B.  Johnson Case.*

Gloria Jean Johnson (the "Debtor") filed for bankruptcy
protection on June 6, 2005.  A predecessor to DBT (Wendover
Financial Services) was listed as a creditor on Debtor's Schedule
D, secured by a deed of trust on the Debtor's homestead at 5325
Wooten Drive, Fort Worth, Texas[3] (with a $68,529.00 claim, with
regard to which the collateral had a value of $84,300.00).  On
July 28, 2005, Debtor's Section 341 Meeting of Creditors was held
and concluded.  The bar date for filing proofs of claim in the
case was October 19, 2005.  On March 17, 2006, the Debtor filed
an amended plan that, like the Hogan plan, contemplated no
treatment of the secured lender's claim (at the scheduled amount
of $68,529.00) and arrearages (specified to be $10,000) and, in
fact, objected to the secured lender's claims for the reason that
"No Proof of Claim Filed."  This plan was ultimately confirmed
without objection by the secured lender.  On April 11, 2006, DBT

---

[3] The property was also listed on the Debtor's Schedule C as
an exempt homestead.

filed its Motion for Leave to File and Allow Late-Filed Proof of Claim, asserting a $12,144.43 arrearage and requesting permission to file an overall $79,215.30 secured proof of claim, presumably so that it might receive treatment under the Debtor's plan.[4]

DBT does not deny that it received notice of the Debtor's bankruptcy filing, the claims bar date, or other pertinent pleadings.

DBT makes similar arguments as FMC: that there is no statutory or rule-imposed deadline for the filing of a proof of claim by a *secured* creditor in a Chapter 13 case. The trustee filed a response to DBT's motion on April 26, 2006, and in such motion opposed DBT's request for relief and requested a hearing on the matter. The court held such hearing, in conjunction with the Hogan hearing, on June 16, 2006.

## Analysis

### *A. Does a secured creditor need to file a proof of claim to receive a distribution under a Chapter 13 debtor's plan?*

The issue before the court presents a question of statutory interpretation, as well as evaluation of the interlocking nature of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

---

[4] The court confirmed the Debtor's Chapter 13 plan on May 30, 2006.

The court begins with Chapter 5, Section 501(a) of the Bankruptcy Code, which dictates that "[a] creditor or an indenture trustee *may* file a proof of claim."[5] 11 U.S.C. § 501(a) (emphasis added). Under Section 501(a), any creditor may file a proof of claim. *See In re Jurado*, 318 B.R. 251, 254 (Bankr. D. P.R. 2004). Then, looking to 11 U.S.C. § 502(a), "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." Thus, if a proof of claim is filed in accordance with Section 501, the claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); *see In re Waindel*, 65 F.3d 1307, 1313 n.2 (5th Cir. 1995). These two provisions provide the springboard upon which claim evaluation hinges.

However, Federal Rule of Bankruptcy Procedure 3002(a), governing the necessity for filing a proof of claim or interest, at first blush, appears to throw a wrench into the analysis, as

---

[5] The statute also provides, in pertinent part, at subsections (b) and (c), that if a creditor fails to file timely a proof of claim, an entity that is liable to such creditor with the debtor, or that has secured the claim, or the debtor or the trustee, may file a proof of claim on the creditor's behalf. *See* 11 U.S.C. § 501(b) and (c).

it merely requires the filing of a proof of claim by *unsecured* creditors or equity security holders for a claim or interest to be allowed, barring a few exceptions that are inapplicable here.[6] One must probe further into the Code to reconcile Sections 501 and 502 with Bankruptcy Rule 3002(a).

Fast forwarding from Chapter 5 to Chapter 13, under Section 1326(b)(2), the trustee is obligated to make distribution to creditors "in accordance with the plan." Federal Rule of Bankruptcy Procedure 3021 dictates that this "distribution shall be made to creditors whose claims have been allowed." This rule applies to all chapters. "Thus, even though a secured creditor might choose to 'ride through' a bankruptcy case by refusing to file a claim,[7] [this] bankruptcy rule appears to mandate that the creditor may receive distributions out of the plan *only if* it

---

[6] Note that Fed. R. Bankr. P. 3004, similar to Section 501(b) and (c), provides: "If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of claim within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable."

[7] As a general rule, a secured creditor in a Chapter 13 case is not required to file a proof of claim but may choose to ignore the bankruptcy proceeding and look to its lien for satisfaction of the debt. *Fed. Deposit Ins. Corp. v. Union Entities (In re Be-Mac Transport Co., Inc.)*, 83 F.3d 1020, 1025 (8th Cir. 1996); *Tepper v. Burnham (In re Tepper)*, 279 B.R. 859, 864 (Bankr. M.D. Fla. 2002); *Lee Serv. Co. v. Wolf (In re Wolf)*, 162 B.R. 98, 105-06 (Bankr. D. N.J. 1993).

holds an allowed claim." *In re Macias*, 195 B.R. 659, 660-61 (Bankr. W.D. Tex. 1996) (citations omitted) (emphasis added). Thus, filing a proof of claim is a prerequisite to the claim's allowance. *Id.* at 661 (citing *In re Simmons*, 765 F.2d 547, 551 (5th Cir. 1985) (citation omitted)).[8] In sum, if a creditor elects not to file a claim, then it also elects not to be paid under the plan. *Id.* at 662; *see In re Baldridge*, 232 B.R. 394, 396 (Bankr. N.D. Ind. 1999) ("[I]n order to receive a distribution under a confirmed Chapter 13 plan, even secured creditors must first file a proof of claim or have one filed on their behalf.").

---

[8] An exception would be in Chapter 9 and Chapter 11 reorganization cases, in which, pursuant to Bankruptcy Rule 3003, there is a concept of "deemed filed" proofs of claim, by virtue of the fact that the Debtor's Schedule of Liabilities filed in a case, pursuant to Section 521(1), constitute prima facie evidence of the validity and amount of the claims of creditors, unless such claims are scheduled as disputed, contingent or unliquidated.

10

### *B. Timeliness.*

Having found that a secured creditor must file a proof of claim to receive a distribution under a Chapter 13 debtor's plan,[9] the court now turns to the applicability of the concept of *timeliness* as to such filing.

The initial authority for filing a timely proof of claim is found in Federal Rule of Bankruptcy Procedure 3002(c).  A proof of claim filed in a Chapter 13 case is timely if filed within ninety days after the first date set for the meeting of creditors.[10]  *See* Fed. R. Bankr. P. 3002(c).  At first blush, one might question the relevance of this Rule as to a *secured* creditor, since subsection (a) of Rule 3002, as earlier stated, only requires *unsecured* creditors and equity security holders to file a proof of claim.  However, in 1994, Congress amended the Bankruptcy Code with the Bankruptcy Reform Act of 1994 (the "1994 Reform"), thereby adding another piece to the claims allowance puzzle, specifically addressing timeliness for an allowed claim. Under the 1994 Reform, Congress added to the list of reasons for

---

[9] As earlier mentioned, this is subject to certain other parties'-in-interest right to file a proof of claim on the secured creditor's behalf.  11 U.S.C. § 501(b) and (c) and Fed. R. Bankr. P. 3004.

[10] Federal Rule of Bankruptcy Procedure 3002(c) also governs time for filing proofs of claim in Chapter 7 and 12 cases.

disallowing claims under Section 502(b), timeliness—whereby a claim will be disallowed if there is an objection for reasons that a "proof of claim is not timely filed . . . ." 11 U.S.C. § 502(b)(9). Taking this amendment to its logical conclusion, Judge Grant noted in *In re Jensen* that:

> While lateness is now a recognized reason for denying a claim, the importance of saying this in § 502(b), rather than someplace else, is that timeliness is no longer a prerequisite for allowing a creditor's claim. As the process now works, a creditor files its claim, alá § 501; then, through § 502(a), that claim is deemed allowed, unless it is objected to. Thus, even late claims are deemed allowed unless objected to. If an objection is filed, lateness is a reason not to allow the claim.

232 B.R. 118, 119-20 (Bankr. N.D. Ind. 1999). Judge Grant concluded that "[t]imeliness can no longer be viewed as part of the creditor's initial burden—a prerequisite to having its claim allowed. Instead, it has become an affirmative defense, with the responsibility for raising the issue resting with the party who objects to the claim." *Id.* at 120. Under § 502(b)(9), neither secured nor unsecured tardily filed claims in a Chapter 13 case are excepted from disallowance. As one bankruptcy court observed, "[i]f Congress intended tardily filed claims in chapter 13 to be allowed, they too would have been excepted from § 502(b)(9), as were tardily filed claims under § 726(a)." *In re Dennis*, 230 B.R. 244, 249 (Bankr. D. N.J. 1999). Section

12

502(b)(9) has made clear, for over a decade now, that a proof of claim not timely filed, regardless of whether it is secured or unsecured, should not be allowed if there is an objection made on grounds of timeliness. *See In re Jurado*, 318 B.R. 251, 254 (Bankr. D. P.R. 2004).

FMC nevertheless asserts that if a secured creditor must file a proof of claim to receive a distribution under a Chapter 13 plan, then there is no deadline for doing such. However, FMC ignores the relevant case law in the Fifth Circuit. "[T]he Fifth Circuit [has] presumed that the bar date for filing unsecured claims set out in Rule 3002 ought to apply as well to secured claims." *In re Macias*, 195 B.R. 659, 663 (Bankr. W.D. Tex. 1996) (citing *In re Simmons*, 765 F.2d 547, 551 (5th Cir. 1985)). This court agrees with the *Macias* court that the Fifth Circuit indeed suggested in *Simmons* that Rule 3002(c)'s deadline for proofs of claim applies to all parties in Chapter 13. *See also In re Kelley*, 259 B.R. 580, 583-84 (Bankr. E.D. Tex. 2001) (in construing Section 502(b)(9) and Fed. R. Bankr. P. 3002(c), Judge Parker held that the deadline of Fed. R. Bankr. P. 3002(c) should be strictly observed by all parties). *Contra In re Mehl*, 2005 WL 2806676 (Bankr. C.D. Ill. Oct. 25, 2005) (declining to hold that any bar date applies to secured creditors). While FMC remains

13

secured by its collateral, this does not excuse FMC's ten month delay in filing its proof of claim. To receive a distribution under the Debtors' Chapter 13 plan, FMC needed to file such claim by March 7, 2005; January 30, 2006 constitutes extreme tardiness. Similarly, DBT needed to file its proof of claim by October 19, 2005; April 11, 2006 constitutes extreme tardiness.

The question then becomes, under what circumstances, if any, can the court allow claims that are filed beyond the bar date. "In a chapter 13 case, the court has *no* discretion to enlarge the time under F.R. Bankr. P. 3002(c) for a creditor's filing a proof of claim other than in the case of a claim by a governmental unit, an infant, or an incompetent person." *In re Mickens*, Slip Copy, 2005 WL 375661, *1 (Bankr. D. Col. Feb. 14, 2005) (citation omitted) (emphasis added).

The bankruptcy court in *In re Mickens*, at *1, found that

> Despite F. R. Bankr. P. 3002(a) stating only that an *unsecured* creditor must file a proof of claim for the claim to be allowed, the deadline of Rule 3002(c) is not limited to unsecured creditors, and the Bankruptcy Code itself makes clear that filing of a timely proof of claim is necessary for a holder of a secured claim to have an allowed secured claim. See *In re Boucek*, 280 B.R. 533, 537-38 (Bankr. D. Kan. 2002). Both 11 U.S.C. §§ 501(a) and 502(a) contemplate filing of a claim in order for the claim to be allowed, and 11 U.S.C. § 502(b)(9), which became effective on October 22, 1994, requires

14

> disallowance of an untimely claim with
> exceptions inapplicable here. *Boucek*, 280
> B.R. at 537. While 11 U.S.C. § 506(d)
> provides that disallowance of a claim as an
> allowed secured claim solely on the ground of
> untimeliness does not void the lien securing
> the claim, disallowance does bar distribu-
> tions on that claim under a confirmed plan.
> *Boucek*, 280 B.R. at 538. Some older deci-
> sions hold that a secured creditor's failure
> to file a timely proof of claim may not be
> invoked to bar receipt of distributions in a
> chapter 13 case, but were rendered obsolete
> by the amendment of § 502(b)(9) . . . .

*Id.* (footnotes omitted).

A debtor or a trustee who fails timely to file a proof of
claim on behalf of a creditor under Fed. R. Bankr. P. 3004, may
obtain an enlargement of the Rule 3004 deadline for "cause shown"
where "the failure to act was a result of excusable neglect."
Fed. R. Bankr. P. 9006(b)(1). However, this procedure is not
available to creditors by reason of Rule 9006(b)(3) which
restricts extending the Rule 3002(c) deadline. *See In re
Townsville*, 268 B.R. 95, 105-06 (Bankr. E.D. Pa. 2001).
In 1993, the United States Supreme Court addressed whether an
attorney's inadvertent failure to file a proof of claim within
the court set claims bar date constitutes "excusable neglect"
within the meaning of Federal Rule of Bankruptcy Procedure
9006(b)(1) in *Pioneer Investment Services Co. v. Brunswick
Associate Limited Partnership*, 507 U.S. 380 (1993). Ultimately,

the Court held that it could. *Id.* at 383. However, the Court's holding in *Pioneer* is inapplicable here.

"*Pioneer* made clear that Rule 3002(c) was excluded from the operation of the excusable neglect standard." *In re Stewart*, 247 B.R. 515, 519 (Bankr. M.D. Fla. 2000) (citing *Pioneer*, 507 U.S. at 389 n.4). In particular, the Court noted that "[t]he excusable neglect" standard of Rule 9006(b)(1) governs late filings of proof of claim in Chapter 11 cases but not in Chapter 7 cases." *Pioneer*, 507 U.S. at 389. The Court continued to explain:

> The time-computation and time-extension provision of Rule 9006 . . . are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). *See* Rule 9006(b)(3); *In re Coastal Alaska Airlines, Inc.*, 920 F.2d 1428, 1432 (9th Cir. 1990). By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which . . . establishes the time requirements for proofs of claim in Chapter 11 cases. Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies.

*Pioneer*, 507 U.S. 389 n.4.

*Pioneer* made clear that Rule 3002(c) was excluded from the operation of the excusable neglect standard. *See* 507 U.S. at 389

16

n.4, 113 S.Ct. 1489. *See also In re Stewart*, 247 B.R. 515, 519-
20 (Bankr. M.D. Fla. 2000). Rule 9006(b)(1) must be construed to
govern the permissibility of late filings in Chapter 11
bankruptcies." *Id. See also Jones v. Arross*, 9 F.3d 79, 81
(10th Cir. 1993) (holding that excusable neglect standard applies
only in Chapter 11 cases). A bankruptcy court does not have the
discretion to allow late filed claims in a Chapter 13 case. *In
re Euston*, 120 B.R. 228, 230 (Bankr. M.D. Fla. 1990); *In re
Jones*, 154 B.R. 816, 818 (Bankr. M.D. Ga. 1993); *In re Turner*,
157 B.R. 904, 910 (Bankr. N.D. Ala. 1993).[11]

### *C. So what happens to a secured creditor who fails to timely file a proof of claim in a Chapter 13 debtor's bankruptcy?*

In *In re Kressler*, 252 B.R. 632, 633 (Bankr. E.D. Penn.
2000), the bankruptcy court succinctly summarized the result of a
secured creditor failing to file a timely proof of claim in a
Chapter 13 debtor's bankruptcy. The court observed:

---

[11] This court questions (or refines) the blanket statement
made by certain courts, in response to *Pioneer*, that a bankruptcy
court does not have the discretion to allow late filed proofs of
claim in a Chapter 13 case. Specifically, the court cannot "for
cause shown," including "excusable neglect," extend the time for
a *creditor* to file a proof of claim pursuant to Rule 3002(c).
Fed. R. Bankr. P. 9006(b). However, it would appear that a
*debtor or trustee* may come in, pursuant to Rule 9006(b), and ask
for permission to file a late filed proof of claim on the
creditor's behalf in a Chapter 13 case, pursuant to Rule 3004, if
the debtor or trustee can show some sort of excusable neglect for
missing the Rule 3004 deadline for debtors and trustees.

17

> [T]he failure of a secured creditor to file a proof of
> claim will not result in the loss of the creditor's
> lien and generally speaking, after the bankruptcy case
> is concluded, the creditor may pursue the collateral to
> satisfy its lien, *Estate of Lellock v. Prudential Ins.*
> *Co. of America*, 811 F.2d 186, 187-88 (3d Cir. 1987);
> *Tarnow*, 749 F.2d at 465-67; *Matter of Baldridge*, 232
> B.R. 394, 395-96 (Bankr. N.D. Ind. 1999); *Bisch*, 159
> B.R. at 548-50.

This court recognizes that the holder of a secured claim has
the option of relying solely on its lien in satisfaction of
debtor's indebtedness and to therefore opt to decline to file a
proof of claim if the secured creditor wants no distribution
under a proposed plan. This court also acknowledges that, "[a]
non-filing secured creditor who is not provided for under a plan
is nevertheless bound to the terms of a plan in the sense that it
is subject to the automatic stay . . . ." *In re Lee*, 182 B.R.
354, 358 (Bankr. S.D. Ga. 1995). "[A] Chapter 13 debtor cannot
remain in possession of a secured creditor's collateral during
the pendency of its plan where the debtor's plan makes no
provision for the creditor's value of its security and where the
sole reason for the disallowance of the creditor's secured claim
was the creditor's failure to file a timely proof of claim." *In*
*re Lee*, 182 B.R. 354, 357 (Bankr. S.D. Ga. 1995); *Southtrust Bank*
*of Alabama v. Thomas (In re Thomas)*, 91 B.R. 117, 123 (N.D. Ala.
1988), *aff'd* 883 F.2d 991 (11th Cir. 1989)). In *In re Thomas*,

18

the district court, affirmed in a one sentence conclusion by the
Eleventh Circuit, declared

> [Section] 1327(a) does not bar a secured creditor from
> seeking relief from stay where the creditor's claim is
> not provided for in the plan, the Chapter 13 debtor has
> minimal equity in the collateral, and the sole reason
> for disallowance of the creditor's claim is the
> creditor's failure to file a timely proof of claim.

*Id.* at 357-58.

In summary, the secured creditors here may have lost the
battle (by being foreclosed from receiving distributions under
the confirmed Chapter 13 plans), but the Debtors and unsecured
creditors may ultimately lose the war, since a secured creditor
retains its lien, notwithstanding failure to file a proof of
claim and omission from treatment under a confirmed plan.
Presumably, any secured creditor in this situation will
ultimately seek relief from the stay or adequate protection if
not receiving payments from the debtor during the Chapter 13
plan/case.  It is this prospect that was no doubt the reason that
Fed. R. Bankr. P. 3004 was enacted—giving a debtor or trustee the
right to file a proof of claim for a creditor who, for whatever
reason, does not timely file a proof of claim pursuant to Fed. R.
Bankr. P. 3002(c).[12]

---

[12] The court notes one additional unintended consequence that
may result in the situation in which: (a) a secured creditor does

## Conclusion

In summary, in light of the foregoing analysis, the court holds that both FMC and DBT were required to timely file proofs of claim in order to receive payments under the Chapter 13 plans of their respective Debtors.[13] Accordingly, FMC's Motion to Compel Payments to Secured Creditor is denied and DBT's Motion for Leave to File and Allow Late-Filed Proof of Claim is denied and the Chapter 13 trustee's objections to same are sustained.

not timely file a proof of claim in a Chapter 13 case; (b) the debtor and trustee do not file a proof of claim on its behalf, pursuant to Rule 3004; and, thus, (c) the secured creditor does not end up receiving treatment under the plan. A debtor normally reflects in its Schedule J, reflecting monthly expenditures, expenditures for "rent or home mortgage payment" and installment payments for an automobile (if not to be included in the plan). Indeed, it is logical and fair that a debtor be entitled to home and car allowances in his budget, and it is from the Schedule of Income (Schedule I) and Schedule of Expenditures (Schedule J) that disposable income and proper plan treatment for unsecured creditors is derived. It would seem that, where a debtor contemplated mortgage payments and/or automobile payments in his/her Schedule J, and the mortgagee and car financer do not end up being paid under the plan, that either a debtor ought to nevertheless be paying them directly outside the plan, or else the trustee would have grounds to seek post-confirmation modification of the plan to increase the distribution to unsecured creditors if the debtor is not in fact paying anything for his home mortgage or automobile as the Schedule J implied he would be. The court was not presented with the Schedules J for each of the Debtors in the cases at bar and expresses no comment as to whether the trustee now has grounds to pursue modification (to enhance distribution to unsecured creditors) in these cases.

[13] When they did not, the Debtors or Chapter 13 trustee could have filed proofs of claim on their behalves.

20

Bankruptcy Rule 3002(a) alone does not somehow dictate a contrary result, but, rather, Sections 501(a), 502, and 1326(b)(2), read together with Federal Rules of Bankruptcy Procedures 3002(c), 3021, and 9006(b) lead to this conclusion. This court has no discretion to allow late filed proofs of claim by FMC and DBT, pursuant to 3002(c) and 9006(b), even if they had shown some evidence of excusable neglect. The court will issue separate Orders consistent with this opinion.

### END OF MEMORANDUM OF OPINION ###